[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-16530
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 21, 2005
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-00080-CR-2-002-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE IGNACIO MACIA,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

----------------------------------------------------------------

(November 21, 2005)

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit
Judges.

PER CURIAM:

Jose Ignacio Macia appeals his 15-month sentence, imposed pursuant to his guilty plea, for escape, 18 U.S.C. §§ 751(a) & 2.[1] Macia contends that he is due to be resentenced in the light of United States v. Booker, 125 S.Ct. 738 (2005) because the district court imposed his sentence under a mandatory Sentencing Guidelines scheme. We vacate Macia's sentence and remand for resentencing consistent with Booker.

Macia timely raised an objection based on Blakely v. Washington, 124 S.Ct. 2531 (2004). Thus, we review his Booker claim for harmless error. See United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). The government concedes that the district court committed a statutory Booker error when it sentenced Macia under a mandatory guideline system. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005) (setting forth that two kinds of sentencing errors exist based on Booker: constitutional errors and statutory errors).[2] The government then bears the burden of showing that the statutory error was harmless. See Mathenia, 409 F.3d at 1292.

A statutory Booker error is harmless only if the government shows that the error did not affect the sentence, or had only a very slight effect. Id. "If one can

---

[1] Macia was serving a 170-month sentence for convictions of financial-based charges when he escaped.

[2] Macia concedes that a Booker constitutional error did not occur.

2

say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." Id. (citations and internal quotation marks omitted). But we have written that the statutory Booker harmless error standard is not easy to meet: "[i]t is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." Id. And here, the government not only concedes that a statutory Booker error occurred, but concedes that it cannot show that this error was harmless.[3] Moreover, the district court made no statement that it would have imposed the same sentence regardless of whether the guidelines were advisory or mandatory. See Mathenia, 409 F.3d at 1292 (concluding that statutory Booker error was harmless where district court announced it would have imposed same sentence if guidelines were unconstitutional as applied mandatorily).

Some facts exist in the record that suggest the district court might have imposed the same sentence under an advisory guidelines scheme. Macia moved for a downward departure, based on his allegation that he had escaped because his brother had died and that Macia was not given enough time to visit his relatives.

---

[3] The government mistakenly concedes that it cannot show harmless error "beyond a reasonable doubt," the higher standard applicable to constitutional Booker errors. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). So, the concession does not determine the result. Still the government failed to discharge its burden of showing that the district court's statutory Booker error was harmless.

The district court denied Macia's request, stating that "the circumstances under which both defendants were apprehended do not suggest anything that would support a downward departure or anything in mitigation of the sentence in this case."[4] The district court then sentenced Macia to 15 months' imprisonment: the midpoint of the 12 to 18-month guideline sentencing range. See Mejia-Giovani, 416 F.3d 1323, 1327 (11th Cir. 2005) (stating, in preserved-error case, that sentence in midpoint of guideline range was one factor suggesting that statutory Booker error was harmless). The court noted that it was imposing this sentence "due to the lack of aggravating or mitigating factors." And the district court stated that it "carefully considered" the factors in 18 U.S.C. § 3553(a) in fashioning the sentence: the court specifically determined that the sentence (1) met "the general goals of punishment . . . for your criminal conduct of escape" and (2) acted as a "deterrence to others who might engage in similar conduct."[5]

The government bears the burden of demonstrating harmless error. See Mathenia, 409 F.3d at 1292. We are unable to say with fair assurance that Macia's

---

[4] Macia had escaped with codefendant William Abraczinskas.

[5] Also, the district court ordered the sentence to run consecutively to Macia's undischarged prior sentence, as required by U.S.S.G. § 5G1.3(a). Although 18 U.S.C. § 3584(a) provides that a district court may impose a sentence to run concurrently or consecutively to an undischarged sentence, the district court indicated that it considered the § 3553(a) factors in imposing Macia's sentence. And § 3584(b) provides that, in deciding whether to impose a consecutive or a concurrent sentence, the court is to weigh the § 3553(a) factors.

sentence was not swayed substantially by the <u>Booker</u> error.  Macia is due to be resentenced under an advisory guidelines system in accordance with <u>Booker</u>.

**VACATED and REMANDED.**